UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JOHN DOE,
  Plaintiff,

v.

UNITED STATES OF AMERICA,
  Defendant.

Case: 1:26–cv–01837
Assigned To : Unassigned
Assign. Date : 5/11/2026
Description: Pro Se Gen. Civ. (F–DECK)

Civil Action No. _____

COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

INTRODUCTION

1. This action challenges a federal structural defect in the nationwide internet architecture: the absence of any user-level opt-in or opt-out mechanism for mature content at the point of service, despite the internet being a mandatory public-facing system essential for participation in modern life.

2. The injury alleged is structural, not personal. It arises from the design of the federal regulatory environment governing nationwide communications systems, not from the conduct of any private platform or website.

3. Plaintiff seeks prospective, structural relief requiring the Federal Communications Commission ("FCC") to implement or require a user-level choice mechanism at the ISP level, consistent with federal statutory duties and constitutional protections of autonomy and due process.

JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 because the claims arise under the Communications Act of 1934 (47 U.S.C. §§ 151, 201(b)), the Telecommunications Act of 1996 (§ 706), the Administrative Procedure Act (5 U.S.C. §§ 702, 706), and the Fifth Amendment to the United States Constitution.

5. The Communications Act grants the FCC authority over nationwide communications systems and prohibits unreasonable or unjust system design. 47 U.S.C. §§ 151, 201(b).

6. Section 706 of the Telecommunications Act requires the FCC to ensure safe, reasonable, and accessible broadband deployment nationwide.



RECEIVED

MAY 11 2026

Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

7. The FCC's maintenance of a nationwide architecture that provides no user-level choice mechanism for mature content constitutes final agency action or, in the alternative, an unlawful failure to act reviewable under 5 U.S.C. § 706(1) and § 706(2).

8. Venue is proper under 28 U.S.C. § 1391(e) because the defendant is the United States and the regulatory actions and omissions at issue occur in this District.

PARTIES

9. Plaintiff JOHN DOE is an adult U.S. resident who relies on internet service for communication, employment, education, healthcare access, and participation in government systems. Plaintiff brings this action under a pseudonym to protect privacy and autonomy interests implicated by the subject matter of this case.

10. Defendant UNITED STATES OF AMERICA is the sovereign government of the United States and is responsible for the statutory and regulatory framework governing nationwide communications systems, including the FCC's oversight of ISP-level architecture.

STATEMENT OF FACTS

11. Internet access is a mandatory gateway to modern life. It is required for employment, education, healthcare, financial services, and access to government systems.

12. The nationwide communications architecture regulated by the FCC provides no user-level opt-in or opt-out mechanism for mature content at the point of service.

13. As a result, users are placed into a default expressive environment that includes mature content without notice, consent, or any meaningful ability to decline participation.

14. The injury is architectural: it arises from the structure of the federal regulatory environment, not from any individual website or platform.

15. A user-level choice mechanism at the ISP level is technologically feasible, widely implemented in other countries, and consistent with federal statutory duties and constitutional protections.

STANDING

16. Plaintiff is required to use internet service to participate in modern life and cannot meaningfully avoid the default expressive environment created by the federal architecture.

17. Plaintiff's injury is concrete, particularized, and ongoing. It is traceable to the federal regulatory structure and redressable by the relief sought.

CLAIMS FOR RELIEF

Count I — Administrative Procedure Act (5 U.S.C. §§ 702, 706)

18. Plaintiff realleges the preceding paragraphs.

19. The FCC's maintenance of a nationwide architecture lacking user-level choice mechanisms constitutes agency action that is arbitrary, capricious, or otherwise not in accordance with law, or an unlawful failure to act.

Count II — Fifth Amendment (Procedural Due Process / Structural Autonomy)

20. Plaintiff realleges the preceding paragraphs.

21. The federal architecture imposes compelled default exposure to mature content in a mandatory public-facing system without notice, consent, or a meaningful opportunity to decline participation, violating the Fifth Amendment's protections of autonomy and due process.

PRAYER FOR RELIEF

Plaintiff respectfully requests that this Court:

A. Declare that the federal communications architecture, as maintained by the FCC, is unlawful insofar as it provides no user-level choice mechanism for mature content;

B. Order the FCC to implement or require a user-level opt-in/opt-out mechanism at the ISP level;

C. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

John Doe
Plaintiff, pro se
Email for service: JWR.2K25@GMAIL.COM