**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| **JOHN DOE,** | |
| **Plaintiff,** | |
| **v.** | **Civil Action No. 26-1837** |
| **UNITED STATES OF AMERICA,** | |
| **Defendant.** | |

**MEMORANDUM OPINION AND ORDER**

*Pro se* Plaintiff John Doe filed this lawsuit to "challenge[] a federal structural defect in the nationwide internet architecture." ECF No. 1 (Compl.), ¶ 1. He specifically directs his ire toward "the absence of any user-level opt-in or opt-out mechanism for mature content at the point of service." Id. To redress his alleged injury, Plaintiff asks this Court to "[d]eclare that the federal communications architecture . . . is unlawful," and to "[o]rder the FCC to implement or require a user-level opt-in/opt-out mechanism at the ISP level." Id. at ECF p. 3.

This case is far from novel. Doe filed a lawsuit earlier this year alleging virtually the same facts and seeking virtually the same forms of relief. See Citizen A v. United States, 2026 WL 1102659 (D.D.C. Apr. 23, 2026). As he did then, Plaintiff now moves to proceed pseudonymously. See ECF Nos. 2 (Mot.); 3 (Am. Mot.). And as before, Plaintiff has not made the detailed showing to overcome the presumption in favor of disclosure. The Court will therefore deny the Motions, subject to any further consideration by the United States District Judge to whom this case is randomly assigned. See LCvR 40.7(f) (providing that Chief Judge shall "hear and determine . . . motion[s] to file a pseudonymous complaint").

1

## I.    Legal Standard

Generally, a complaint must identify the plaintiffs.  See Fed. R. Civ. P. 10(a); LCvR 5.1(c)(1).  That requirement reflects the "presumption in favor of disclosure [of litigants' identities], which stems from the 'general public interest in the openness of governmental processes,' and, more specifically, from the tradition of open judicial proceedings."  In re Sealed Case, 931 F.3d 92, 96 (D.C. Cir. 2019) (quoting Wash. Legal Found. v. U.S. Sent'g Comm'n, 89 F.3d 897, 899 (D.C. Cir. 1996)).  A party moving to proceed pseudonymously thus "bears the weighty burden of both demonstrating a concrete need for such secrecy, and identifying the consequences that would likely befall it if forced to proceed in its own name."  In re Sealed Case, 971 F.3d 324, 326 (D.C. Cir. 2020).  As a result, the court must "'balance the litigant's legitimate interest in anonymity against countervailing interests in full disclosure'" by applying a "flexible and fact driven" balancing test.  Id. (quoting In re Sealed Case, 931 F.3d at 96).  That test assesses "five non-exhaustive factors":

> [1] whether the justification asserted by the requesting party is merely to avoid the annoyance and criticism that may attend any litigation or is to preserve privacy in a matter of [a] sensitive and highly personal nature;
>
> [2] whether identification poses a risk of retaliatory physical or mental harm to the requesting party or[,] even more critically, to innocent non-parties;
>
> [3] the ages of the persons whose privacy interests are sought to be protected;
>
> [4] whether the action is against a governmental or private party; and relatedly,
>
> [5] the risk of unfairness to the opposing party from allowing an action against it to proceed anonymously.

Id. at 326–27 (quoting In re Sealed Case, 931 F.3d at 97) (first alteration in original).

2

**II.    Analysis**

Plaintiff has not met his burden, even at this early stage, of showing that his privacy interests outweigh the public's substantial interest in learning his identity. The Court will address each factor in turn.

First, the Court must consider if disclosing Plaintiff's identity will reveal any information of a "sensitive [or] highly personal nature." Id. at 327 (quoting In re Sealed Case, 931 F.3d at 97). "[I]ntimate or sensitive personal information" that falls within this factor typically concerns "sexual activities, reproductive rights, bodily autonomy, medical concerns, or the identity of abused minors." Doe v. Bogan, 542 F. Supp. 3d 19, 23 (D.D.C. 2021) (quoting In re Sealed Case, 971 F.3d at 327). Doe once again fails to identify any such information. He instead states that "[t]his case concerns privacy and autonomy in exposure to mature content within a mandatory federal system." Am. Mot. at ECF p. 1. Not only is that assertion conclusory; it addresses no more than the general character of the case rather than any intimate or sensitive information personal to Plaintiff. See Citizen A, 2026 WL 1102659, at *1.

Doe falters at the second factor for similar reasons. This factor assesses "whether identification poses a risk of retaliatory physical or mental harm." In re Sealed Case, 971 F.3d at 326. Even when a plaintiff fears retaliation, the second factor weighs against pseudonymity if those fears are speculative and unsubstantiated. See id. at 328; Doe v. Rollins, 2025 WL 2623225, at *2 (D.D.C. Sept. 11, 2025). Plaintiff's Motion falls squarely within that category. Doe states that "[p]ublic identification would expose Plaintiff to online harassment, reputational injury, and permanent digital archiving." Am. Mot. at ECF p. 1. "Mere embarrassment and harassment," however, "is insufficient to demonstrate the sort of retaliatory harm" contemplated by this factor. J.W. v. District of Columbia, 318 F.R.D. 196, 200 (D.D.C. 2016) (quotation

marks and citation omitted).  Furthermore, "speculative and unsubstantiated claims of harm to [a plaintiff's] reputational . . . interests are insufficient to justify proceeding anonymously." John Doe Co. No. 1 v. Consumer Fin. Prot. Bureau, 195 F. Supp. 3d 9, 22 (D.D.C. 2016) (quotation marks and citation omitted).  This factor therefore cuts against Plaintiff.

The third factor — "the ages of the persons whose privacy interests are sought to be protected," In re Sealed Case, 971 F.3d at 326 (quoting In re Sealed Case, 931 F.3d at 97) — further tips the scale toward disclosure.  Doe is an adult.  See Am. Mot. at ECF p. 2.  His unsupported assertion that "the subject matter implicates younger or vulnerable individuals," id., is no better developed than his prior assertion that "the circumstances involve younger . . . individuals."  Citizen A, 2026 WL 1102659, at *2.

Where the Government is the defendant, the fourth factor turns on the nature of the relief sought.  If the plaintiff seeks programmatic relief that would "alter the operation of public law both as applied to [him] and, by virtue of the legal arguments presented, to other parties going forward," then the "public interest" in his case "is intensified" and this factor cuts against pseudonymity.  In re Sealed Case, 971 F.3d at 329.  On the other hand, if the plaintiff requests only individualized relief, pseudonymity is favored.  See Doe v. Blinken, No. 24-1629, ECF No. 3 (Mem. Op. & Order) at 5 (D.D.C. June 11, 2024).  Doe seeks relief of the former kind.  He asks the Court to declare that the absence of an opt-in or opt-out mechanism for mature content is unlawful and to order the FCC to require such a mechanism at the ISP level — relief that would extend to every internet user rather than to Doe alone.  See Compl. at ECF p. 3.  The fourth factor thus weighs against pseudonymity.

Unlike the previous four factors, the fifth lends Plaintiff some support.  Allowing Doe to proceed pseudonymously would not prejudice Defendant because Plaintiff has offered to

4

disclose his identity to the Government.  <u>See</u> Am. Mot. at ECF p. 2; <u>see also</u> <u>J.K.A. v. United States</u>, 2023 WL 12248425, at *3 (D.D.C. Aug. 10, 2023) ("Defendants would suffer no unfairness if the Motion were granted because Plaintiffs have offered to disclose their identities under seal.").

In sum, only one factor favors pseudonymity, and it cannot outweigh the four factors arrayed against it.  The Court will therefore deny Plaintiff's Motions.

### III.    Conclusion

The Court accordingly ORDERS that:

1. Plaintiff's [2] and [3] Motions for Leave to File Under Pseudonym are DENIED;

2. Within fourteen days of the Court's Order, Plaintiff shall file a Notice advising the Clerk of the Court whether he wishes to proceed with filing the Complaint on the public docket using his real name, and, if so, shall also file his [2] and [3] Motions on the public docket; and

3. If Plaintiff does not file such Notice within fourteen days, the Clerk is directed to terminate the case.

/s/ <i>James E. Boasberg</i>
JAMES E. BOASBERG
Chief Judge

Date:  <u>June 2, 2026</u>

5